UNITED STATES of America,
Plaintiff–Appellee

v.

Victor Manuel CARDIEL–GONZALEZ,
also known as Victor Manuel Cardiel–
Gonzlez, Defendant–Appellant.

No. 13–50140
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 26, 2014.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, Jennifer Sheffield Freel, Assistant U.S. Attorney, U.S. Attorney's Office, Austin, TX, for Plaintiff–Appellee.

Pascual Madrigal, Esq., Law Office of Pascual Madrigal, San Antonio, TX, for Defendant–Appellant.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Victor Manuel Cardiel–Gonzalez appeals his conviction for illegal reentry following removal. He contends that the district court erred in denying his motion to dismiss the indictment, arguing that he met the requirements for a successful collateral challenge to the underlying removal proceeding. The Government counters that Cardiel–Gonzalez waived his objections to the underlying removal proceeding by entering a non-conditional guilty plea.

"A plea of guilty admits all the elements of a formal criminal charge and waives all non-jurisdictional defects in the proceedings leading to conviction." *United States v. Cothran,* 302 F.3d 279, 285–86 (5th Cir. 2002) (internal quotation marks and citation omitted). Defects in an indictment do not deprive the court of jurisdiction. *United States v. Cotton,* 535 U.S. 625, 630–31, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). Thus, even an objection that the indictment fails to allege a federal offense is not jurisdictional and "goes only to the merits of the case." *Id.* at 631, 122 S.Ct. 1781 (internal quotation marks and citation omitted). Accordingly, the judgment of the district court is AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.